## Farrell's Estate.

*Charities—Gift for masses distinguished from gift to individual.*

1. A gift by testatrix *inops consilii,* of all money which remains over her debts to her nephew, a priest, "in remembrance of my soul," she having, in the same instrument, left legacies expressly for masses for herself, is a gift to the nephew as an individual, and, hence, is not a gift to charities within the act of assembly.

*Practice, O. C.—Exceptions—Standing of accountant.*

2. An accountant is without standing to file exceptions to the distribution directed by the adjudication; he has no interest in the distribution, and exceptions thereto must be filed by the next of kin.

*Exceptions—Verification—Orphans' Court Rule III, sect. 7.*

3. A failure to have exceptions filed by an accountant verified, as required by Rule III, § 7, may result in their dismissal without consideration of the merits.

*Exceptions—Error to be set forth clearly.*

4. Exceptions to an adjudication should set forth clearly, not merely the alleged error of the auditing judge in making his award, but, also, his alleged error in not making the awards which the exceptant claims he should have made.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1919, No. 351.

*M. J. McEnery,* for exceptions; *F. S. Cantrell, Jr.,* contra.

GEST, J., Dec. 30, 1921.—The will of the testatrix presented no difficulty, but the codicil, after sundry bequests for charitable and religious purposes, provided: "All the money that left over after all dets are paid is to bee given to my Nephew J. A. Genshimer in remembrance of my Soul." This codicil, which was written by the testatrix *inops consilii,* as may be imagined, was not witnessed, and it was urged, in behalf of the next of kin, that the above bequest was given for masses for the repose of the soul of the testatrix, in which case, not being duly attested, it would be invalid under the act of assembly: Rhymer's Appeal, 93 Pa. 142. As the testatrix was a member of the Roman Catholic Church, and her nephew was a priest, the argument is not without

1 D. & C.

some plausibility, or rather would be so, were it not for the fact that the testatrix, in the same instrument written by her, gave two other legacies expressly "for masses for me." The conclusion is irresistible that whatever the testatrix may have meant by the curious phrase "in remembrance of my Soul," she did not mean that the residue was given for masses. The auditing judge was, therefore, undoubtedly correct in awarding the residuary estate to the personal representatives of the nephew, who is now deceased.

The exception should also be dismissed for the further reason that it is filed by the executor, who, as such, has no interest, and not by the next of kin: Powell's Estate, 3 Lehigh Co. L. J. 115; and, moreover, even if the executor had any status in the matter, the exception is not under oath, as required by our Rules of Court III, § 7. We call the attention of the bar to this rule, which is too frequently violated, and disregard of it may result in a dismissal of exceptions so filed, without the consideration of the merits which we have given to this case.

We add further that the only exception filed is to the award made by the auditing judge of the residue of the estate to the representatives of the estate of J. A. Genshimer, but there is no exception setting forth any alleged error of the auditing judge in not awarding the estate to certain persons who are the next of kin. Exceptions to an adjudication should set forth clearly, not merely the alleged error of the auditing judge in making his award, but also his alleged error in not making the awards that the exceptant claims he should have made, i. e., that the auditing judge, to use familiar phraseology, has not only done those things which he ought not to have done, but has left undone those things which he ought to have done. Even if the exception as filed were sustained, there could be no award of the residue to the next of kin on the record before us.

The exceptions are dismissed and the adjudication confirmed absolutely.